IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-04-00059-CR

 

Vaughn Birdwell,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the 54th District Court

McLennan County, Texas

Trial Court No. 95-324-C

 



Memorandum Opinion



 

          This is an appeal from the convicting
court’s denial of Vaughn Birdwell’s motion for DNA testing.  He argues that the
trial court erred by failing to appoint counsel before denying his motion.

          Birdwell was convicted of murder and sentenced
to life imprisonment.  He filed a pro se motion for post-conviction DNA testing
under article 64.01 of the Code of Criminal Procedure.  See Act of Apr. 3, 2001, 77th Leg., R.S., ch. 2, § 2, 2001 Tex. Gen. Laws 2, 2-3 (amended
2003) (current version at Tex. Code
Crim. Proc. Ann. art. 64.01 (Vernon Supp. 2004-05)).[1] 
That motion was denied.  Birdwell filed a pro se brief arguing that he was not
appointed counsel in the trial court nor appointed counsel on appeal.  We
abated the appeal for appointment of counsel on appeal.  Birdwell v. State,
No. 10-04-00104-CR (Tex. App.—Waco February 9, 2005, order).

          Birdwell argues that the court erred
by failing to appoint counsel, as required by statute, before denying his
motion.  However, as we recognized in our abatement order, that argument is not
supported by the record.  On July 6, 2001, the trial court appointed an
attorney to represent Birdwell on his DNA motion.  The trial court denied that
motion on February 19, 2004.  Birdwell’s appointed counsel filed a motion to
withdraw as attorney of record on December 30, 2003, and the trial court
granted that motion on April 15, 2004.

          Birdwell argues that the trial court
should have appointed substitute counsel once it received appointed counsel’s
motion to withdraw.  The trial
court did not rule on the motion to withdraw until after it denied Birdwell’s
DNA motion.  Birdwell asks us to hold that the trial court erred in failing to
grant the withdrawal motion and appoint substitute counsel before ruling on the
DNA motion.  However, the trial court has discretion to determine whether
counsel should be allowed to withdraw from a case.  King v. State, 29
S.W.3d 556, 566 (Tex. Crim. App. 2000).  In the absence of a showing of abuse
of discretion, there is no error.  Culverhouse v. State, 755 S.W.2d 856,
861 (Tex. Crim. App. 1988).  The record reflects that at the time counsel filed
his motion to withdraw, he had been Birdwell’s appointed counsel for approximately
two and a half years.  The record does not reveal what actions, if any,
appointed counsel took during that period of time.  Birdwell’s motion for DNA
testing was pending for the entire period.  Under these circumstances, we find
no abuse of discretion by the trial court in not granting the motion to
withdraw until it had ruled upon Birdwell’s motion for DNA testing.

CONCLUSION

          We overrule Birdwell’s issue and
affirm the judgment.

 

BILL VANCE

Justice

 

Before
Chief Justice Gray,

Justice Vance, and

Justice Reyna

Affirmed

Opinion
delivered and filed June 22, 2005

Do
not publish

[CRPM]

 

 









    [1]       The
2001 version of the statute applies because Birdwell filed his motion in June
2001.  See Act of Apr. 25, 2003, 78th Leg., R.S., ch. 13, §§ 8, 9,
2003 Tex. Gen. Laws 16, 17 (establishing effective date for amendments to art.
64.01 as Sept. 1, 2003).